UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HARRELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 479 CDP |
| | ) | |
| THE BOEING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This recently removed asbestos case is before me on my review of the file. Defendant United Technologies Corporation has filed a motion to join in defendant Northrop Grumman System Corporation's notice of removal. Defendant United asserts an independent right to removal under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), based on plaintiff James Harrell's allegations that he was exposed to asbestos from United's aircraft engines while serving in the United States Navy. Unlike Northrop, United has actually provided an affidavit supporting its allegations that its design of the aircraft engines was under the direction of federal officers such that it may assert government contractor immunity as provided by the United States Supreme Court in Boyle v. United Technologies Corp., 487 U.S. 500 (1988). The sufficiency of these affidavits, or of either defendants' right to removal, has not been challenged by a motion a remand. I will grant United's motion for joinder.

I have also reviewed the numerous motions to dismiss filed in state court by various defendants.[1] These are all bare bones motions, unsupported by any legal memoranda. For the

---

[1] The motion filed by the Trane US defendants [#18] was originally filed in this Court, but it too, lacks any supporting memorandum.

most part, these motions all seek dismissal of part or all of plaintiffs' claims for failure to state a claim. In the alternative, many of these motions also seek a more definite statement of the claims against them. I have reviewed plaintiffs' complaint in light of the governing federal standards,[2] and I find that plaintiffs' complaint adequately states claims against the defendants seeking dismissal. I also find that plaintiffs are not required to file a more definite statement of their claims against these defendants, as I do not find the complaint so unintelligible, vague, or ambiguous such that the defendants cannot reasonably frame a response. To the extent any defendant moves for dismissal on any other basis, the motions are denied without prejudice to being properly filed as a separate pleading with a supporting memorandum in accordance with federal and local rules. I warn all parties, however, that I will not tolerate generic, baseless

---

[2]The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to the test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Because of "liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." Tinder v. Lewis Cnty. Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (collecting cases). "A motion under Rule 12(e) is designed to strike at unintelligibility in a pleading rather than want of detail." Patterson v. ABS Consulting, Inc., Case No. 4:08CV697, 2009 WL 248683, at *2 (E.D. Mo. Feb. 2, 2009). The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). But when a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Id. at 514.

motion practice designed to delay or to multiply the proceedings, so any motion must accord with Federal Rule of Civil Procedure 11 and counsel's attendant ethical obligations to this Court.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for joinder [#14] is granted.

**IT IS FURTHER ORDERED** that all other pending motions [#9, #10, #11, #18] are denied in part and denied without prejudice in part as set out above.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2014.