UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HARRELL, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:14CV479 CDP |
| BOEING CO., et al.,, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Yesterday, plaintiffs filed a motion for voluntary dismissal of all remaining defendants without prejudice [#116]. This motion stated that it was being filed "pursuant to the discussions held in conference with the Court and the Parties on March 16, 2015." As there was no conference held with the Court on March 16, 2015, the Clerk's Office contacted plaintiffs and advised them of this error. Instead of moving to withdraw this motion, plaintiffs filed an amended motion for voluntary dismissal without prejudice [#117]. I will therefore deny the first motion for dismissal as moot.

I need to know whether any remaining defendants object to this dismissal. Therefore, any remaining defendant objecting to the dismissal of plaintiffs' case as set forth in the amended motion for dismissal [#117] shall show cause in writing by noon on March 24, 2015, why the dismissal should not be granted. Failure to file a timely objection will result in the Court granting plaintiffs' motion without further notice by this Court.

Moreover, it appears to the Court that any remaining pending crossclaims should also be dismissed without prejudice if plaintiffs' complaint is dismissed, which would terminate this case. However, any defendant with a pending crossclaim objecting to the dismissal of that crossclaim upon the granting of plaintiffs' motion for voluntary dismissal must show cause in

writing by noon on March 24, 2015, why the crossclaims should not also be dismissed. If a defendant with a pending crossclaim does not file an objection by noon on March 24, 2015, the Court will construe the lack of an objection as a request for dismissal of its crossclaim without prejudice in the event that plaintiffs' motion for voluntary dismissal is granted.

Finally, if the case is not dismissed, and given the other changes that have taken place in this case since it was removed, I question whether subject-matter jurisdiction continues to exist. Any defendant asking the Court to retain jurisdiction over crossclaims shall also state the asserted basis of the Court's subject matter jurisdiction over its crossclaims.

Accordingly,

**IT IS HEREBY ORDERED** that **any remaining defendant objecting to the Court granting plaintiffs' amended motion for voluntary dismissal without prejudice [#117] shall show cause in writing by noon on March 24, 2015, why the motion for dismissal should not be granted. Failure to file a timely objection will result in the Court granting plaintiffs' motion without further notice by this Court.**

**IT IS FURTHER ORDERED** that **any defendant with a pending crossclaim who objects to the dismissal of that crossclaim without prejudice upon the granting of plaintiffs' motion for voluntary dismissal without prejudice must show cause in writing by noon on March 24, 2015, why the crossclaims should not be dismissed. Any such objection shall also state the asserted basis of the Court's subject matter jurisdiction over its crossclaim. If a defendant with a pending crossclaim does not file an objection in compliance with this Show Cause Order by noon on March 24, 2015, the Court will construe the lack of an objection as a request for dismissal of its crossclaim without prejudice in the event that plaintiffs' motion for voluntary dismissal is granted**.

**IT IS FURTHER ORDERED** that **failure to file a timely objection in compliance with this Order to Show Cause will result in the Court granting plaintiffs' amended notice of voluntary dismissal [#117], dismissing all pending claims and crossclaims without prejudice (each party to bear its own costs), and closing this case without further notice.**

**IT IS FURTHER ORDERED** that plaintiffs' first motion for voluntary dismissal [#116] is denied as moot.

Dated this 17th day of  March, 2015.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　CATHERINE D. PERRY
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE